IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| MARISELA AGUILAR, MIGUEL BLANCO, FRANCISCO J. CARRANZA, JUAN CORONEL, ERIC ENRIQUEZ, RAFAEL GALLEGOS, ROBERT GALLEGOS, BENJAMIN GUERRERO, JR., IVAN ELOY GURROLA, VAUGHN D. HAYES, SR., ENRIQUE HERNANDEZ, JOSE R. HERNANDEZ, ROGELIO HERNANDEZ, ROMAN JAUREGUI, EFREN JIMENEZ, FLAVIO LARA, NOEMI R. MENDOZA, SIXTO NAVARRETE, ANTHONY GUADALUPE ORDAZ, VICTOR ORTIZ, ARMANDO PACHECO, JR., ALAN PEREZ, LUIS E. RUBIO, RIGOBERTO RODARTE, ANTONIO VASQUEZ, ADRIAN VILLALOBOS, AND OTHER SIMILARLY SITUATED INDIVIDUALS | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 2:16-cv-00050 |
| v. | ) ) | |
| MANAGEMENT & TRAINING CORPORATION d/b/a MTC, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' COMPLAINT FOR RECOVERY OF OVERTIME WAGES AND RELATED DAMAGES**

The named Plaintiffs, individually and on behalf of similarly situated individuals, file this suit against Defendant, Management & Training Corporation d/b/a MTC ("MTC"), and in support thereof would respectfully show the Court as follows:

**A.  Summary of Complaint**

1. This is a collective/class action lawsuit filed by the above-listed 26 named Plaintiffs, individually and on behalf of similarly situated individuals, for the recovery of unpaid

1

overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and/or the New Mexico Minimum Wage Act, N.M.S.A. §§ 50-4-1 to 50-4-33 ("NMMWA"). Plaintiffs were not paid for certain time worked for MTC, resulting in Plaintiffs not being paid statutory overtime and base compensation as required by law. Plaintiffs seek to certify this as a collective action under the FLSA and a class action under the NMMWA so that other similarly situated employees of MTC may join in to collect the unpaid overtime and wages owed to them.

### B.  The Parties

2. The named Plaintiffs are 26 individuals who are current (or former) employees of MTC who work on assignment for MTC at the Otero County Prison Facility in Otero County, New Mexico.

3. The full names and residential addresses of the 26 named Plaintiffs are set forth on Attachment A, which is attached hereto and incorporated by reference herein.

4. Each of the 26 named Plaintiffs has executed a written consent authorizing undersigned counsel to bring this suit and true and correct copies of the consent form executed by each named Plaintiff is contained in Attachment B hereto.

5. MTC is a Delaware corporation that contracts to provide services at correctional facilities in Otero County, New Mexico and elsewhere in the United States and may be served with process by serving its New Mexico registered agent for service of process James Frawner, or any other officer or authorized agent therein, at 10 McGregor Range Rd., Chaparral, New Mexico 88081, and or wherever Mr. Frawner or other officer or authorized agent may be found.

### C.  Venue and Jurisdiction

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiffs have raised federal claims under the FLSA.

7. This Court also has supplemental jurisdiction of the NMMWA claims raised herein pursuant to 28 U.S.C. § 1367 because the state claims are so related and intertwined with the FLSA claims that they form part of a singular case and controversy for jurisdictional purposes.

8. This Court has personal jurisdiction over MTC because it has recruited and employed individuals, including the 26 named Plaintiffs, to work in the area of Southern New Mexico proximate to the Otero County Prison Facility. Furthermore, the Court has personal jurisdiction because MTC contracts with both employees and the Otero County Prison in New Mexico and the complained-of acts in this case occurred in New Mexico.

9. Specifically, pursuant to 28 U.S.C. § 1391, venue is proper in this Court because the 26 named Plaintiffs worked in this district, MTC is subject to personal jurisdiction in this judicial district, most or a substantial portion of the witnesses and records are located in or near this judicial district, and because the acts complained of in this lawsuit occurred within this judicial district.

## D.  Factual Background

10. MTC has a number of contracts to provide services as correctional institutions in the United States.

11. MTC employs more than 9,000 employees worldwide and more than 5,000 employees in its Corrections and MTC Medical Divisions in the United States.

12. The named Plaintiffs and similarly situated individuals are (or were) employed by MTC as guards.

13. The named Plaintiffs and similarly situated individuals currently work for, or formerly worked for, MTC on assignment at the Otero County Prison Facility near Chaparral, New Mexico in Otero County, New Mexico (the "Prison").

14. The Prison is in the State of New Mexico, approximately 50 miles from Las Cruces, 60 miles from Alamogordo and 20 miles from El Paso, Texas.

15. The named Plaintiffs and similarly situated individuals are (or were) paid on an hourly basis.

16. The named Plaintiffs and similarly situated individuals are entitled to receive overtime pay for all hours worked in excess of 40 hours in a workweek.

17. The named Plaintiffs and similarly situated individuals are not exempt from federal or state overtime laws.

18. The named Plaintiffs and similarly situated individuals have been, and (in the case of current employees) continue to be, required to work a material number of unpaid hours on an "off the clock" basis by MTC.

19. The named Plaintiffs and similarly situated individuals are (or were) required to work off the clock before their shifts commence each day. These unpaid duties are referred to as preliminary duties.

20. Specifically, the named Plaintiffs and similarly situated individuals are (or were) required on a daily, frequent and consistent basis to, among other things, (a) wait on site at the Prison, (b) clear security-related checkpoints, (c) collect equipment necessary for their duties, and (d) meet and relieve other guards, before they are (or were) able to clock in before their shift commences each day.

21. The named Plaintiffs and similarly situated individuals are (or were) further required to perform certain duties on an off-the-clock basis after their reported work shift ends. These unpaid duties are referred to as postliminary duties.

22. Specifically, the named Plaintiffs and similarly situated individuals are (or were) required on a daily, frequent and consistent basis to, among other things, (a) wait on site at the Prison, (b) clear security-related checkpoints, (c) return equipment necessary for their duties, and (d) meet and report to other guards, after they clock out each day.

23. These unpaid preliminary and postliminary duties in the aggregate take substantial time on a daily and weekly basis and are not de minimis. Moreover, MTC already records and/or has the ability to record this unpaid time with no undue administrative burden.

24. Specifically, the unpaid preliminary and postliminary duties performed by the named Plaintiffs and similarly situated individuals amount to 15 to 20 minutes or more of unpaid time each day, and 75 to 100 minutes or more of unpaid time each week in the aggregateand .

25. These unpaid preliminary and postliminary duties are (or were) not paid as time worked by MTC to the named Plaintiffs and similarly situated individuals.

26. The named Plaintiffs and similarly situated individuals are (or were) also periodically required to perform other duties on an off-the-clock basis, such as in connection with escorting prisoners to medical appointments, where they are (or were) not paid for some of their time worked.

27. The named Plaintiffs and similarly situated individuals further lose (or lost) material amounts of time from their paid time worked based on MTC's method of "rounding" in calculating wages.

28. Under both FLSA and NMMWA, the named Plaintiffs and similarly situated individuals are entitled to be compensated for their off-the-clock duties set forth herein.

29. Accordingly, the named Plaintiffs and similarly situated individuals are entitled to recovery of unpaid wages and overtime. This does not include any amounts for the doubling or tripling of such unpaid wages, as permitted by federal and state law, respectively.

30. MTC did not provide the named Plaintiffs and similarly situated individuals with records of their off-the-clock work, though it could easily have done so, nor did it request or expect the named Plaintiffs and similarly situated individuals to keep records of their off-the-clock work, though legally the obligation to make, keep and maintain such records rests exclusively with the employer, in this case MTC.

### E. FLSA Coverage

31. MTC is an employer for purposes of the FLSA, 29 U.S.C. § 203(d).

32. MTC maintains and has maintained at all times relevant to this lawsuit an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

33. At all times relevant to this lawsuit, MTC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) of the FLSA.

34. MTC has had, and continues to have, an annual gross business revenue of not less than $500,000.

35. At all times relevant to this lawsuit, Plaintiffs were employees of MTC as required by the FLSA.

### F.  Collective Action Allegations

36. The named Plaintiffs have actual knowledge that MTC employed other employees in the same or similar positions, and paid them pursuant to the same improper practices (with the other employees hereinafter referred to as "Class Members").

37. The named Plaintiffs have actual knowledge that the Class Members were not paid for employer-mandated time spent on preliminary, postliminary and other duties as alleged above.

38. The named Plaintiffs have actual knowledge that the Class Members were not paid overtime compensation and/or hourly wages for off-the-clock work described in this Complaint.

39. MTC has suffered, permitted, and/or required Class Members to work off-the-clock without overtime pay (or where overtime pay is inapplicable, any pay whatsoever).

40. MTC has improperly denied Class Members compensation for their hours worked in violation of the FLSA and NMMWA, as alleged herein.

41. The Class Members perform (or performed) the same or similar work in the provision of services to MTC.

42. The Class Members work (or worked) the same type of schedule, work hours, and perform the same general duties as named Plaintiffs.

43. The Class Members are similar to named Plaintiffs in the denial of overtime compensation when required to work in excess of 40 hours in a workweek.

44. MTC's failure to pay overtime compensation and wages at the rates required by the FLSA and/or NMMWA results from generally applicable policies and practices and does not depend on the personal circumstances of the Class Members.

45. The named Plaintiffs' experiences are typical of the experiences of Class Members.

46. The specific job titles or work duties of Class members do not prevent collective treatment.

47. All Class Members, irrespective of their particular job requirements, are entitled to be compensated at minimum wage and are entitled to overtime compensation for hours worked in excess of 40 during a workweek.

48. Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

49. As such, the Class Members consisting of similarly situated Plaintiffs are properly defined as follows:   All current and former guards of MTC on assignment at the Otero County Prison Facility from August 2012 to the present.

### G.  Causes of Action

### Cause of Action One:  Failure to Pay Overtime Under the FLSA

50. The foregoing paragraphs are incorporated herein as if fully realleged.

51. The named Plaintiffs and similarly situated Class Members file this suit against MTC for failing to pay them required overtime pay in violation of the FLSA.

52. MTC is a covered employer for purposes of the FLSA.

53. At all times during their employment, the named Plaintiffs and similarly situated Class Members were "employees" for purposes of the FLSA, as defined by 29 U.S.C. § 203(d).

54. The named Plaintiffs and similarly situated Class Members were all classified as nonexempt under the FLSA at all times during their employment with MTC, meaning they are entitled to overtime pay for hours worked in excess of 40 hours in a workweek.

55. The off-the-clock time spent by the named Plaintiffs and similarly situated Class Members was all time spent for the benefit of MTC and therefore is compensable time under the FLSA.

56. The time spent by the named Plaintiffs and similarly situated Class Members on preliminary and postliminary duties for MTC is compensable time under FLSA.

57. MTC encouraged, was aware of, tolerated, suffered, permitted and/or accepted the above referenced off-the-clock work by the named Plaintiffs and similarly situated Class Members.

58. MTC violated 29 U.S.C. § 207(a) by failing to pay the named Plaintiffs and similarly situated Class Members time and one-half their regular rate of pay for all hours worked in excess of 40 hours per workweek. The named Plaintiffs and similarly situated Class Members have been damaged as a result of MTC's violation of the overtime requirements of the FLSA. The damages fall within the jurisdictional limits of the Court.

59. MTC's violation of the FLSA was willful, thereby extending the statute of limitations to three years prior to the date of this Complaint.

60. The named Plaintiffs and similarly situated Class Members further seek to recover liquidated damages (the doubling of their back pay damages), attorneys' fees and costs, as permitted under the FLSA.

61. All allegations stated in connection with this FLSA claim apply to Class Members on the same basis as named Plaintiffs.

### Cause of Action Two: Failure to Pay Overtime Under to the NM Minimum Wage Act and NM Minimum Wage Act Coverage

62. The foregoing paragraphs are incorporated herein as if fully realleged.

63. Alternatively, Plaintiffs seek recovery of overtime and unpaid wages pursuant to the NMMWA.

64. MTC is an employer pursuant to N.M.S.A. § 50-4-21(B).

65. The named Plaintiffs and similarly situated Class Members are all considered "employees" of MTC pursuant to N.M.S.A. §§ 50-4-21(A) and (C).

66. The NMMWA requires payment of overtime, at time and a half of the employee's regular hourly rate, for all hours worked by a nonexempt employee in excess of 40 in a workweek. N.M.S.A. § 50-4-22(D).

67. New Mexico law also requires payment of wages for all hours worked.

68. The named Plaintiffs and similarly situated Class Members seek recovery of their overtime and wages owed pursuant to the NMMWA and state law, including the unpaid wages and an amount equal to twice the unpaid or underpaid wages pursuant to N.M.S.A. § 50-4-26(C).

69. All allegations stated in connection with this NMMWA claim apply to Class Members on the same basis as named Plaintiffs.

### Cause of Action Three:  Failure to Pay Regular Hours Actually Worked

70. The foregoing paragraphs are incorporated herein as if fully realleged.

71. To the extent the named Plaintiffs and similarly situated Class Members worked off-the-clock without actually exceeding 40 hours per week,  they are owed their regular hourly rate for those work hours.

72. Accordingly, the named Plaintiffs and similarly situated Class Members file suit pursuant to state contract and common law for receipt of wages for time actually worked but not paid for by MTC.

73. The damages sought for breach of contract herein fall within the jurisdictional limits of the Court.

74. Named Plaintiffs and similarly situated Class Members are entitled to the recovery of attorneys' fees and costs with respect to this claim for regular pay for hours worked.

75. All allegations stated in connection with this common law claim for payment of hours worked apply to Class Members on the same basis as named Plaintiffs.

### H.  Jury Demand

76. Named Plaintiffs and similarly situated Class Members demand a jury on all issues so triable.

### I. Prayer for Relief

77. Wherefore, named Plaintiffs and similarly situated Class Members request that MTC be cited to appear and answer, and that on final trial, named Plaintiffs and similarly situated Class Members have judgment against MTC as follows:

   a. Judgment against MTC for their actual damages;

   b. Overtime compensation for all unpaid hours worked in excess of 40 hours at the rate of one and one half times their regular rate;

   c. All unpaid wages and overtime compensation;

   d. Judgment against Defendant for liquidated (doubled) damages under the FLSA for the maximum amount allowed by law and/or two-times additional unpaid wages as permitted by the NMMWA;

   e. Reasonable and necessary attorneys' fees, including paralegal fees, incurred by named Plaintiffs and similarly situated Class Members in prosecuting this claim;

   f. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

   g. Costs of suit, litigation costs and expenses of this action as provided by the FLSA and under the NMMWA; and

   h. The award of such other and further relief, both at law and in equity, to which named Plaintiffs and similarly situated Class Members may be justly entitled.

Submitted this 21st [18th stricken] day of January 2016.

Respectfully submitted,

**MENDEL • BLUMENFELD, PLLC**
5809 Acacia Circle
El Paso, Texas 79912
Telephone: (915) 587-7878
Facsimile: (915) 587-8808
Email: bblu@acaciapark.com

By: _/s/ Robert L. Blumenfeld_
**Robert L. Blumenfeld**
NM Bar Number 7495
Co-Counsel for Plaintiffs