IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARISELA AGUILAR, et al.,

       Plaintiffs,

     v.                                                  Civil No. 16-00050 WJ/GJF

MANAGEMENT & TRAINING
CORPORATION d/b/a MTC,

       Defendant.

**MEMORANDUM OPINION AND ORDER DENYING WITHOUT PREJUDICE
DEFENDANT'S MOTION TO DISMISS
PLAINTIFFS CORONEL, ENRIQUEZ AND GALLEGOS**

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss Plaintiffs Juan Coronel, Eric Enriquez and Robert Gallegos, filed September 28, 2016 **(Doc. 58)**. This is a collective/class action lawsuit filed by a group of over 20 current or former employees of Defendant ("MTC") who claim they were not paid for some of their hours worked on assignment for MTC at the Otero County Prison Facility near Chaparral, New Mexico. The lawsuit asserts claims for unpaid wages and overtime, as well as other statutory damages and the recovery of attorneys' fees, under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA") and/or the New Mexico Minimum Wage Act, N.M.S.A. §§ 50-4-1 to 50-4-33 ("NMMWA"). Having reviewed the parties' pleadings and the applicable law, the Court denies the Defendant's motion at this time.

Defendant seeks sanctions in the form of dismissal against Plaintiffs Coronel, Enriquez and Gallegos ("Plaintiffs" for purpose of this motion) for failing to respond to discovery, despite

Defendant's efforts to correspond with opposing counsel in an effort to secure either the requested discovery or the dismissal of these non-responsive parties.  The time in which to respond to discovery expired over two months ago.  *See* Exs. C & D (emails between counsel, affording extension until July 17, 2016 to respond to discovery requests).

Under Federal Rule of Civil Procedure 37(d)(1)(A)(ii), the Court may order sanctions if "a party, after being properly served with interrogatories . . . or a request for inspection . . . fails to serve its answers, objections, or written response." Under subsection (d)(3), which cross-references Rule 37(b)(2)(A)(i)-(vi), the sanctions may include dismissing the case in whole or in part, or rendering default judgment. Under Rule 41(b), "[i]f a plaintiff fails to prosecute or comply with these rules . . . a defendant may move to dismiss the action or any claim against it." Courts in the Tenth Circuit considering dismissal under either of these rules apply the factors in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992) (affirming dismissal under Rule 41), which are the following:

> (1) the degree of actual prejudice to the defendant;
>
> (2) the amount of interference with the judicial process;
>
> (3) the culpability of the litigant;
>
> (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and
>
> (5) the efficacy of lesser sanctions.

965 F.2d at 921; *see also Klein v. Harper,* 777 F.3d 1144, 1147-48 (10th Cir. 2015 (affirming dismissal under Rule 37).   Defendant contends that these Plaintiffs appear to have abandoned their lawsuit and that their conduct meets the *Ehrenhaus* factors.

Plaintiffs' counsel euphemistically states that they have "experienced difficulty" obtaining responses from a number of the individually-names plaintiffs in this lawsuit, including

the plaintiffs who are the subject of this motion.  Doc. 61 at 2.  No reason is given for their refusal to cooperate in the discovery process except that they are "fearful of retaliation" by MTC, and that they believe the questions are "too invasive for a simple claim of unpaid wages and overtime." *Id.*   Neither reason holds any weight with the Court.  If Plaintiffs feel the discovery questions are too invasive, they should have filed a motion objecting to the discovery requests under the procedural rules instead of complaining about their fear of reprisal from their employer.  *See* Fed.R.Civ.P. 33(b)(4) and 34(b)(2)(C). Their situation is no different from any other plaintiff in any case where the employer is being sued.[1]

Nonetheless, Plaintiffs urge the Court to deny Defendant's motion and issue a lesser sanction in the form of a warning that their status as individual-plaintiff participants in this case is at serious risk of dismissal, and a deadline for responding to the discovery propounded to them by Defendant.  Plaintiffs' counsel points out that lesser sanctions are appropriate because Defendant has already received discovery information about the nature and scope of Plaintiffs' claims through the discovery obtained from other plaintiffs in the lawsuit.  That is all well and good, but the reality is that discovery information about other plaintiffs is worthless with regard to the specific positions of Plaintiffs Coronel, Enriquez and Gallegos.

The Court finds that Plaintiffs' refusal to comply with discovery is willful and without any merit, but the Court will not dismiss these Plaintiffs at this time.  Defendant claims that Plaintiffs have already received the warning that is required under *Ehrenhaus*, but this warning came from Defendant and Plaintiffs' own attorneys and is not sufficient to support a sanction as severe as dismissal or to comport with due process requirements.  The warning must come from

---

[1] Plaintiffs' counsel advises the Court that he was able to convince the other plaintiffs that they were protected against retaliation by the law and that they were obligated to participate in discovery, but has thus far been unsuccessful with Plaintiffs Coronel, Enriquez and Gallegos.  Doc. 61 at 2.

this Court.  *See Ehrenhaus,* 965 F.2d at 922 (warning by Court that failure to comply with court order would subject plaintiff's claims to dismissal).

Therefore, Plaintiffs Coronel, Enriquez and Gallegos may consider themselves sufficiently warned by virtue of this Order. **These Plaintiffs have thirty (30) days from the date of entry of this order to answer written discovery in this case.  If they fail to comply with this order, the Court invites Defendant to re-file this motion requesting dismissal of Plaintiffs Coronel, Enriquez and Gallegos from this lawsuit**.  At that point, Plaintiffs' culpability will be clear to the Court, as well as the pointlessness of sanctions less severe than dismissal.  These Plaintiffs are further put on notice that the Court is not inclined to follow the suggestion by Plaintiffs' counsel that any dismissal be without prejudice, and that any dismissal contemplated by the Court would most likely be *with* prejudice.[2]  This district has adopted an expense and delay reduction plans as a means of implementing the congressional intent of the Civil Justice Reform Act, 28 U.S.C. §471 ("CJRA") to expedite the ultimate disposition of cases so that cases can be actively managed and brought to a conclusion within a reasonable period of time. Plaintiffs' unfounded refusal to comply with the discovery process has the effect of thwarting the goals of the CJRA.  This Court recently observed that Plaintiffs have taken a lackadaisical approach to litigating the case which they have filed, *see* Doc. No. 53 at 2, and Plaintiffs are advised that testing the Court's tolerance with a continuation of such conduct will not prove favorable to them.

**THEREFORE,**

---

[2]  Plaintiffs' counsel raises the question of what effect the dismissal of Plaintiffs Coronel, Enriquez and Gallegos in their individually-named capacities would have on their ability to participate again as an opt-in or class member. Doc. 61 at 5.  The Court will take up that issue, should it arise, at a later time and will not make any determination on the matter until hearing from both parties.

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiffs Juan Coronel, Eric Enriquez and Robert Gallegos **(Doc. 58)** is hereby DENIED without prejudice, in that:

Plaintiffs are hereby placed on notice by the Court that they have **thirty (30) days from the date of entry of this order** to answer written discovery requested by Defendant.  If they fail to do so by that time, Defendant may re-file this motion seeking dismissal of these Plaintiffs from this lawsuit in which event the Court will consider dismissal with prejudice as a sanction under *Ehrenhaus.*

_____
UNITED STATES DISTRICT JUDGE

5