UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

MARISELA AGUILAR, et al.,

    Plaintiffs,

v.                                    Civ. No. 16-050 WJ/GJF

MANAGEMENT & TRAINING
CORPORATION, doing business as MTC,

    Defendant.

## ORDER DIRECTING ADDITIONAL BRIEFING

THIS MATTER is before the Court on Plaintiffs' "First Amended Opposed Motion and Memorandum in Support of Judicially Supervised Notice Under 29 U.S.C. § 216(b)" ("Motion").[1]  ECF No. 55.  In their Motion, Plaintiffs move the Court to conditionally certify a collective under the Fair Labor Standards Act ("FLSA").  *See generally* Pl.'s Mot. 1-15, ECF No. 55.  Additionally, Plaintiffs also seek "an order granting them the names and contact information of [Defendant's] current and/or [former] employees so that a notice, in the form attached hereto as Attachment A, may be sent to these current or former employees." *See id.* at 1.

Following Plaintiffs' submission of their proposed notice, Defendant propounded no less than ten (10) distinct challenges to Plaintiff's notice.  Def.'s Resp. 10-15, ECF No. 64.  Yet, when given the opportunity to respond to Defendant's objections through their Reply, Plaintiffs eschewed any direct response, and elected instead to educate the Court on how these types of cases are handled "in reality."  Pls.' Reply 11-12, ECF No. 69.  That reality, which Plaintiffs declare to have been adopted in "every Federal Circuit," *id.* at 11 n.22, is one where "the form of

---

[1] U.S. District Judge William P. Johnson referred Plaintiffs' Motion to this Court for findings of fact and a recommended disposition on September 27, 2016.  ECF No. 56.

1

the Notice is not an issue which is worthy of debate at this stage." *Id.* at 11.  Thus, while making a passing reference to "tak[ing] issue with [Defendant's] desire to insert chilling language in the Notice," *id.* at 11 n.21, Plaintiffs otherwise opted not to specifically address Defendant's objections.

In the Court's estimation, moving for approval of a form of class notice but then – in the face of opposition – declaring the discussion to be premature is tantamount to a party speaking from both sides of its mouth.  Deciding whether to conditionally certify a collective action under the FLSA and ruling on objections to the proposed form of notice are matters that can certainly be handled altogether, rather than in the piecemeal fashion that Plaintiffs at least now appear to be endorsing.  More importantly, this approach brings to mind the "lackadaisical approach to litigating" that Judge Johnson cautioned the parties to avoid.  Order, Sep. 23, 2016, at 2, ECF No. 53.  Just five days after filing the Reply mentioned in this Order, Judge Johnson had to again warn Plaintiffs "that testing the Court's tolerance with a continuation of such [lackadaisical] conduct will not prove favorable to them." Order, Oct. 31, 2016 at 4, ECF No. 71.  By the filing of this Order, the undersigned renews Judge Johnson's admonition.

**IT IS THEREFORE ORDERED** that Plaintiff respond, individually, to each of Defendant's objections to their proposed notice by **no later than November 29, 2016.**  Failure to comply with this Order will be deemed as consent to grant Defendant's objections *in toto*.

**IT IS SO ORDERED.**

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE