# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARISELA AGUILAR, et al.,

      Plaintiffs,

  v.                                          Civil No. 16-00050 WJ/GJF

MANAGEMENT & TRAINING
CORPORATION d/b/a MTC,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS AT THIS TIME

      THIS MATTER comes before the Court upon Defendant's Motion to Dismiss Plaintiffs Efren Jimenez, Rigoberto Rodarte, Noemi Mandoza and Ivan Gurrola, filed October 25, 2016 **(Doc. 67)**. This is a collective/class action lawsuit filed by a group of over 20 current or former employees of Defendant ("MTC") who claim they were not paid for some of their hours worked on assignment for MTC at the Otero County Prison Facility near Chaparral, New Mexico. The lawsuit asserts claims for unpaid wages and overtime, as well as other statutory damages and the recovery of attorneys' fees, under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA") and/or the New Mexico Minimum Wage Act, N.M.S.A. §§ 50-4-1 to 50-4-33 ("NMMWA"). Having reviewed the parties' pleadings and the applicable law, the Court denies the Defendant's motion at this time, but will reconsider Defendant's request should Plaintiffs not comply with this Order.

Defendant seeks to dismiss involuntarily and with prejudice Plaintiffs Rodarte, Jimenez, Mendoza and Gurrola, pursuant to Fed.R.Civ.P.37(d)(1)(A) and 42(b), because of their failure to appear for their depositions and because these plaintiffs are failing to prosecute.

## BACKGROUND

Defense counsel noticed depositions of these plaintiffs in September 2016, following email consultation and agreement with Plaintiffs' counsel regarding date, time and location. Ex. B. October 3, 2016. The four depositions were scheduled to begin in Las Cruces starting at 9:00 a.m. on October 17, 2016 and conclude the following day. Ex. C. However, on Friday, October 14th, Plaintiffs' counsel notified Defendant's counsel that only one of the four Plaintiffs might actually appear (Mr. Gurrola) because the other three had not maintained contact with their lawyers. *See* Ex. D. Then, two days later, on Sunday October 16th, Plaintiffs' counsel advised that Mr. Gurrola would not be attending either because he had found a new job and it was difficult for him to take time off during business hours. Although Defendant's counsel tried to reschedule his deposition later in the day in order to minimize disruption with Mr. Gurrola's new employer, Mr. Gurrola's current position is that he will not attend a deposition. *See* Ex. E ("Just to be clear, Mr. Gurrola has indicated to us that he is not going to attend a deposition").

Plaintiffs' counsel[1] has explained candidly that he has lost touch with Plaintiffs Jimenez, Rodarte and Mendoza, and characterizes the situation as failing to appear rather than refusing to appear. Ex. A at 3 (email dated 10/19/2016).

## DISCUSSION

Under Federal Rule of Civil Procedure 37(d)(1)(A)(ii), the Court may order sanctions if "a party, after being properly served with interrogatories . . . or a request for inspection . . . fails

---

[1] While the Court recognizes that Plaintiffs are represented by more than one attorney, the Court refers to counsel in the singular collective for ease of reference.

to serve its answers, objections, or written response." Under subsection (d)(3), which cross-references Rule 37(b)(2)(A)(i)-(vi), the sanctions may include dismissing the case in whole or in part, or rendering default judgment. Under Rule 41(b), "[i]f a plaintiff fails to prosecute or comply with these rules . . . a defendant may move to dismiss the action or any claim against it." Courts in the Tenth Circuit considering dismissal under either of these rules apply the factors in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992) (affirming dismissal under Rule 41), which are the following:

> (1) the degree of actual prejudice to the defendant;
>
> (2) the amount of interference with the judicial process;
>
> (3) the culpability of the litigant;
>
> (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and
>
> (5) the efficacy of lesser sanctions.

965 F.2d at 921; *see also Klein v. Harper,* 777 F.3d 1144, 1147-48 (10th Cir. 2015 (affirming dismissal under Rule 37).  Defendant contends that these Plaintiffs appear to have abandoned their lawsuit and are not participating in any way, and that this conduct meets the *Ehrenhaus* factors.  Defendant also claims that it is prejudiced by Plaintiffs' refusal to participate in the discovery process and appear for their depositions and that Plaintiffs' indifference to the litigation of this case interferes with the judicial process.

Plaintiffs' counsel does not dispute that Plaintiffs were not available for depositions that had been duly noticed and scheduled by Defendant, but disagrees with the characterization of their conduct as deliberate refusal and provides reasons for each of his clients' failure to appear for depositions.  For example, he explains that he has not been able to contact Mr. Rodarte despite numerous efforts to do so, either about his

availability for deposition or the reason why he did not appear for his scheduled deposition because Mr. Rodarte's cell phone number indicates that it has not yet been set up for voice mail service. Plaintiffs' counsel requests that the Court afford him 30 days in which to try and contact Mr. Rodarte and see if he desires to remain active as a plaintiff in this case.

Plaintiffs' counsel was able to finally reach Ms. Mendoza, after having heard a "rumor" that she might not want to further participate in this case. Counsel has recently obtained written confirmation from Ms. Mendoza that she wishes to dismiss her claims, thus Plaintiffs have stipulated to Ms. Mendoza's dismissal from this case.

Mr. Gurrola is currently in the orientation period of a new job in El Paso, Texas where he cannot take time off from work, but he has not indicated whether he wishes to withdraw from the case. Counsel takes no issue with Defendant's position that Mr. Gurrola must appear for his deposition in order to remain an active plaintiff in this case. As with Plaintiff Rodarte, Plaintiffs' counsel asks the Court to allow for 30 days in which to schedule Mr. Gurrola's deposition at a mutually agreeable date and time that will accommodate his new work requirements. Should Mr. Gurrola not appear for his deposition, counsel will either agree to his dismissal, provided that Mr. Gurrola gives Plaintiffs' counsel written authority to do so, as did Ms. Mendoza, or counsel will withdraw from representing him.

Mr. Jimenez' apparent reason for not appearing at his deposition was because his phone was out of service for several weeks and because he did not receive the notices from Plaintiffs' counsel to appear. Counsel represents that Mr. Jimenez' phone is now working, and that he has provided counsel with an email address to further facilitate

communications. Mr. Jimenez has agreed to attend a deposition at a mutually agreeable time and date. As with the two other plaintiffs, counsel asks the Court to give him another opportunity to appear for a deposition.

The reasons given by Plaintiffs Jimenez, Rodarte and Gurrola for not appearing at their depositions are not convincing. Despite defense counsel's efforts to accommodate Mr. Gurrola's lack of flexibility in his new employment, Mr. Gurrola still decided not to participate in his deposition. No one forced Mr. Jimenez to become a plaintiff, and the notion that his lawyer may attempt to communicate with him during the period of time his phone was out of service should have crossed his mind to the point where he could have planned another way for his attorney to be able to contact him, such as an email address or even the United States Postal Service. The same observation applies for Mr. Rodarte. The conduct of these Plaintiffs indicates either a lack of disregard for the judicial process or a lack of understanding for the commitment that is expected when one joins a lawsuit as a named plaintiff.

Having reviewed the rather tepid reasons given by Plaintiffs' counsel for his clients' non-appearances, the Court is particularly concerned about the fact that Plaintiffs' counsel has been agreeing to deposition dates without actually having contacted their clients. Also, the excuses provided by counsel in response to Defendant's motion are not accompanied by any affidavit or sworn statement and are not fully explained. As Defendant notes, no excuse is given for the lack of phone service, and no details are provided about the way in which notice was delivered to Mr. Jimenez so that he never received any of them.

Not surprisingly, Defendant seeks an Order dismissing Plaintiffs Rodarte, Gurrola and Jimenez with prejudice, arguing that their excuses constitute sufficient culpability under *Ehrenhaus.* The Court has considered granting the request, especially with regard to Mr. Gurrola who is apparently making an intentional choice not to appear for his deposition.  However, because this is the first time the Court has been called upon to address issues involving these particular plaintiffs, the Court will give them one opportunity to participate fully in this lawsuit.  Plaintiffs' failure to comply with the Court's directives in this Order will be deemed an intentional decision to ignore these directives—at which point dismissal from this lawsuit *with prejudice* shall result.  *See Ehrenhaus,* 965 F.2d at 921 (where plaintiff "simply and intentionally refused to appear," the court found conduct to be in bad faith which warranted dismissal with prejudice).

Based on the foregoing findings, the Court therefore orders the following to occur within **thirty (30) days** from the entry of this Order:

(1) Plaintiffs' counsel shall try to contact Mr. Rodarte and see if he desires to remain active as a plaintiff in this case.  If he does not, counsel shall prepare a stipulation of dismissal for Mr. Rodarte.  If Mr. Rodarte does wish to continue to participate in this lawsuit, within the 30 day time period, counsel shall set a mutually acceptable time and day for his deposition.  Mr. Rodarte is hereby warned that failure to appear at his deposition shall result in Mr. Rodarte's dismissal with prejudice from this case.  If Plaintiff's counsel is not able to contact Mr. Rodarte by the end of the thirty-day period, counsel shall formally advice Defendant and the Court, at which time the Court will dismiss Mr. Rodarte with prejudice from this case;

(2) Counsel for both parties shall decide on a mutually acceptable time and date for Mr. Jimenez' deposition.  They shall formally advise the Court if they cannot agree to such a time within the thirty-day period.  If parties are able to set a mutually acceptable time and date for Mr. Jimenez' deposition within the thirty-day period, then Mr. Jimenez is hereby advised that failure to appear at his deposition shall result in his dismissal with prejudice from this case.  Counsel shall formally notify the Court of Mr. Jimenez' failure to appear;

(3) Plaintiffs' counsel shall discuss with Defendant's counsel a mutually acceptable time and date for Mr. Gurrola's deposition.   In the event Mr. Gurrola fails to appear at his deposition, counsel shall formally advise the Court of his non-appearance.  The Court will not consider the suggestion by Plaintiffs' counsel that Mr. Gurrola should be asked for his written authority to dismiss him *without* prejudice should he fail to appear.  Mr. Gurrola has already declined to participate in his deposition even after Defendant tried to accommodate his situation with a new employer by scheduling a late-day deposition and has recently given cause to believe that he is simply not interested in showing up for any future depositions.  Thus, Mr. Gurrola's failure to appear at his next scheduled deposition will indicate a refusal by Mr. Gurrola not only to participate in this lawsuit, but also to comply with this Court's Order, and in that event shall be dismissed *with prejudice* from this case.

Also, in the event that Defendant is prevented from planning deposition dates and times because of problems encountered by Plaintiffs' counsel in getting responses from these Plaintiffs, Defendant's counsel shall advise the Court formally of this situation at the end of the 30-day period.

(4)  The Court notes that the parties have stipulated to the dismissal of Ms. Mendoza, and she will be DISMISSED as a Plaintiff from this action.

Finally, the Court takes special note that this is not the first time the Court has been asked to intervene in the problems Defendant is having in getting certain plaintiffs comply with discovery requests.  *See* Doc. 71.  As mentioned in a previous Order, this district places a priority on actively managing cases and bringing them to a conclusion with a reasonable period of time.  Doc. 71 at 4.  This is especially necessary because of the heavy criminal caseload this district carries as a southwest border state.  Should the Court continue to see similar conduct shown by these plaintiffs or other plaintiffs in this case which have the effect of hampering Defendant's ability to defend this case within the Court's established deadlines, the Court may begin to consider sanctions in the form of fees and costs associated with the filing of motions such as this one.  Each of the named Plaintiffs in this case has the option of continuing to participate or to withdraw from the litigation and from here on out, each of them will be expected either to conduct himself or herself as a willing participant or voluntarily withdraw as a named Plaintiff.  The alternative will not be voluntary, and may result in a plaintiff being shut out from this lawsuit altogether.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE