# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARISELA AGUILAR, et al.,

      Plaintiffs,

   v.                                                       Civil No. 16-00050 WJ/GJF

MANAGEMENT & TRAINING
CORPORATION d/b/a MTC,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS
## HAYES, ORTIZ, PACHECO AND BARRIOS

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss Plaintiffs Vaughn Hayes, Victor Ortiz, Armando Pacheco, and Luis Barrios, filed November 3, 2016 (**Doc. 72**).  Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is well-taken on its merits but is denied at this time for reasons given below.

### BACKGROUND

This is a collective/class action lawsuit filed by a group of over 20 current or former employees of Defendant ("MTC") who claim they were not paid for some of their hours worked on assignment for MTC at the Otero County Prison Facility near Chaparral, New Mexico. The lawsuit asserts claims for unpaid wages and overtime, as well as other statutory damages and the recovery of attorneys' fees, under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA") and/or the New Mexico Minimum Wage Act, N.M.S.A. §§ 50-4-1 to 50-4-33 ("NMMWA").

In this motion, Defendant seeks the involuntary dismissal under Fed.R.Civ.P. 37(d)(1)(A)(i-iii) and 41(b) of Plaintiffs Vaughn Hayes, Victor Ortiz, Armando Pacheco, and Luis Barrios on the grounds that they have refused to appear for deposition just hours before those depositions were to take place, and that they are failing to prosecute this case.  Luis Barrios has also failed to respond to written discovery.

Defendant noticed depositions for these plaintiffs following consultation and agreement with Plaintiffs' counsel regarding date, time and location.  *See* Exs. B & C (email exchange).  The four depositions were scheduled to begin in Las Cruces starting at 9:00 a.m. on Thursday, November 3, 2016 and to conclude the following day.  *See* Ex. D.  However, on November 2nd, defense counsel received an email from Plaintiffs' counsel which was sent at 12:16 p.m., just as defense counsel was about to depart for Las Cruces for Albuquerque.  The email indicated that Plaintiff Barrios would not appear for his deposition or answer discovery, and that two of the other three deponents were likely to not appear either.  *See* Exs. E & F (email exchange, also noting that Plaintiff Barrios would not answer discovery).  By the end of that day, Plaintiffs' counsel confirmed that none of the four Plaintiff deponents was going to appear for a deposition, but at the same time Plaintiffs' counsel would not stipulate to their clients' dismissal from this lawsuit.  *See* Ex. A.

## DISCUSSUION

Under Federal Rule of Civil Procedure 37(d)(1)(A)(ii), the Court may order sanctions if "a party, after being properly served with interrogatories . . . or a request for inspection . . . fails to serve its answers, objections, or written response." Under subsection (d)(3), which cross-references Rule 37(b)(2)(A)(i)-(vi), the sanctions may include dismissing the case in whole or in part, or rendering default judgment. Under Rule 41(b), "[i]f a plaintiff fails to prosecute or

comply with these rules . . . a defendant may move to dismiss the action or any claim against it." Courts in the Tenth Circuit considering dismissal under either of these rules apply the factors in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992) (affirming dismissal under Rule 41), which are the following:

    (1) the degree of actual prejudice to the defendant;

    (2) the amount of interference with the judicial process;

    (3) the culpability of the litigant;

    (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and

    (5) the efficacy of lesser sanctions.

965 F.2d at 921; *see also Klein v. Harper,* 777 F.3d 1144, 1147-48 (10th Cir. 2015) (affirming dismissal under Rule 37).

    Defendant contends that Plaintiffs Vaughn Hayes, Victor Ortiz, Armando Pacheco, and Luis Barrios appear to have abandoned their lawsuit and therefore should be dismissed from this lawsuit.  Plaintiffs' counsel does not dispute that these individuals were duly noticed but were not available for their depositions, but disagrees with Defendant's position that nonappearance was a deliberate refusal to attend.  Plaintiffs' counsel explains, for example, that while he was not able to contact Mr. Hayes at the time, he has since learned that Mr. Hayes did not feel it was "appropriate" for Defendant to depose him "when other plaintiffs were available."  Doc. 78 at 2.  Plaintiffs' counsel also states that efforts to reach Mr. Ortiz have been unsuccessful, although those efforts are continuing.  The third Plaintiff, Mr. Pacheco, apparently was having problems with his phone in October and did not know that his deposition had been scheduled.  Mr. Barrios, however, *was* aware of his deposition, but did not appear because he wants to be dismissed from

the case.  Plaintiffs' counsel has asked Mr. Barrios to confirm that request in writing, and at this time cannot stipulate to Mr. Barrios' dismissal because he is still waiting for that confirmation.

The Court finds none of these reasons to be acceptable excuses for non-appearance at a deposition.  *Regarding Mr. Hayes:* The fact that there may be other plaintiffs available for deposition has no bearing at all on Mr. Hayes' obligation to show up for his own deposition.  Notwithstanding counsel's objection, the Court finds Mr. Hayes' non-appearance to be deliberate and culpable.  *Regarding Mr. Ortiz:* It has been almost two weeks since Mr. Ortiz' failure to appear at his deposition, and counsel has been unable to contact him, despite having since obtained additional contact information.  Mr. Pacheco's explanation (noticeably unaccompanied by an affidavit or supporting documentation) is incomplete and insufficient as a reason for his purported lack of knowledge about his scheduled deposition.  *Regarding Mr. Pacheco:* Various communication methods are available these days, other than telephone, to both Mr. Pacheco as well as his attorney as a means to advise Mr. Pacheco of a scheduled deposition date.  *Regarding Mr. Barrios:* Mr. Barrios' delay in providing counsel with a written confirmation of his desire to be dismissed from this case suggests at the very least an indifference to the judicial process which he voluntarily initiated by agreeing to be a named plaintiff in this lawsuit.

The instant motion follows the same pattern as two others which the Court has addressed, both filed by Defendant seeking dismissal of certain Plaintiffs as a sanction for failing to participate in discovery.  In the first motion (Doc. 58), Defendant sought dismissal of Plaintiffs Coronel, Enriquez and Gallegos for failure to respond to its discovery requests.  In the second motion (Doc. 67), Defendant argued that Plaintiffs Rodarte, Mendoza and Gurrola should be dismissed as plaintiffs in this lawsuit because they refused to attend their depositions.[1]  In both

---

[1]  In the latter motion, Defendant also requested dismissal of Plaintiff Mendoza, who subsequently advised Defendant that she stipulated to her dismissal from this case.  *See* Doc. 80 at 4.

4

cases, the Court afforded one last opportunity for these Plaintiffs to participate in discovery and warned them that failure to do so would result in their dismissal with prejudice from this lawsuit. Docs. 71 & 80.  Thus far, Defendant has attempted to depose eight Plaintiffs, without a single one appearing for a deposition.  As Defendant has observed, Plaintiffs appear to want the benefits of litigation without the burdens.

Plaintiffs Hayes, Ortiz, Pacheco and Barrios will be afforded the same opportunity to remedy their past failures of non-cooperation.  Each of these individuals has consented to be a named plaintiff representing the class and has the option to either participate fully in the discovery process or voluntarily withdraw as a named Plaintiff by written form.  Failure to do either will result in the harsh consequence of dismissal *with prejudice* from this lawsuit.

Therefore, the Court orders the following to occur **within thirty (30) days from the entry of this Order:**

(1) Counsel for both parties shall confer and decide on a mutually acceptable time and date for depositions to be taken of Plaintiffs Hayes, Ortiz, Pacheco and Barrios.  If parties cannot agree on a mutually acceptable date and time for all four Plaintiffs by that time, Defendant shall formally advise the Court of the situation;

(2) Assuming that counsel can agree to a mutually acceptable time and date for all four depositions, Plaintiffs Hayes, Ortiz, Pacheco and Barrios shall be expected to appear for these depositions.  Defendant shall advise the Court if any of these individuals fail to appear for his deposition;

(3) Mr. Barrios shall either provide written confirmation of his desire to be dismissed from this case within the 30-day period or agree to a time and place for his deposition to be taken. Defendant shall formally advise the Court if Mr. Barrios either fails to provide this confirmation of dismissal or fails to appear for his deposition.

Finally, the Court hereby **ORDERS Plaintiffs' counsel to distribute to all of the named Plaintiffs copies of this Order and the previous two Orders in which the Court has addressed similar issues (Docs. 71 and 80).**  In addition, Plaintiffs' counsel shall find a way to advise all of the named Plaintiffs in this case that the Court's previous Orders shall constitute

sufficient notice to any Plaintiff who may contemplate shirking his or her responsibility as a named Plaintiff or class representative. *See Archibeque v.Atchison, Topeka and Santa Fe Railway,* 70 F.3d 1172, 1175 (10th Cir. 1995) (fact that appellant was not warned of imminent dismissal not undermine the court's consideration of the remaining *Ehrenhaus* factors); *F.D.I.C. v. Daily*, 973 F.2d 1525, 1532 (10th Cir. 1992) (district court's failure to warn defendant of possibility of sanctions is "of no consequence").[2]  This means that in the future, should the Court be required to address similar situations where a named plaintiff either fails to participate in discovery or offers unsubstantiated and unconvincing excuses for his or her failure to appear at a deposition, that plaintiff will not be afforded a second chance to remedy the situation.

Further, as the Court mentioned in its previous Order, *see* Doc. 80 at 8, should the Court continue to see similar conduct by any of the named plaintiffs in the future, the Court shall consider the imposition of sanctions on Plaintiffs as well as Plaintiffs' counsel in the form of fees and costs associated with the filing of these motions.  Some responsibility lies with Plaintiffs' attorneys, since they have apparently been agreeing to various deposition dates and times without actually having made any contact with their clients to confirm those dates and times and thus determine their actual availability for those depositions.

For the foregoing reasons, Defendant's motion is DENIED at this time.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE

---

[2]  As the *Ehrenhaus* court noted, "[a] district court should ordinarily consider and address all of the above factors before imposing dismissal as a sanction. However, often some of these factors will take on more importance than others." *Archibeque,* 70 F.3d at 1175 (citing *Ehrenhaus,* 965 F.2d at 922). In this case, Plaintiffs' non-participation in discovery weighs heavily against them on the factors of culpability and interference with the judicial process.