IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

MARISELA AGUILAR, et al.,

    Plaintiffs,

    v.                                                    Civil No. 16-00050 WJ/GJF

MANAGEMENT & TRAINING
CORPORATION d/b/a MTC,

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S RENEWED MOTION TO DISMISS
PLAINTIFFS JUAN CORONEL, ERIC ENRIQUEZ AND ROBERT GALLEGOS**

THIS MATTER comes before the Court upon Defendant's Renewed Motion to Dismiss Plaintiffs Juan Coronel, Eric Enriquez, and Robert Gallegos, filed December 1, 2016 (**Doc. 86**). Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion should be granted in that Plaintiff Coronel is dismissed *with prejudice;* however, Plaintiffs Enriquez and Gallegos are dismissed *without prejudice.*

**BACKGROUND**

This is a collective/class action lawsuit filed by a group of over 20 current or former employees of Defendant ("MTC") who claim they were not paid for some of their hours worked on assignment for MTC at the Otero County Prison Facility near Chaparral, New Mexico. The lawsuit asserts claims for unpaid wages and overtime, as well as other statutory damages and the recovery of attorneys' fees, under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA") and/or the New Mexico Minimum Wage Act, N.M.S.A. §§ 50-4-1 to 50-4-33 ("NMMWA").

This is the second motion filed by Defendant seeking dismissal of Plaintiffs Coronel, Enriquez and Gallegos ("Plaintiffs" for purposes of this Order). Defendant sought dismissal of these named Plaintiffs in its first motion (Doc. 58) for failing to respond to discovery, despite Defendant's efforts to correspond with opposing counsel in an effort to secure either the requested discovery or the dismissal of these non-responsive parties. Discovery responses were overdue by two months at the time Defendant's first motion was filed. In ruling on Defendant's first motion to dismiss, the Court considered these Plaintiffs' conduct under both *Ehrenhaus v. Reynolds,* 965 F.2d 916 (10th Cir. 1992) and Fed.R.Civ.P. 37(d)(1)(A)(ii), and found that their refusal to comply with discovery was "willful and without any merit." The Court afforded Plaintiffs Coronel, Enriquez and Gallegos another opportunity to rectify their failures to participate in discovery by giving them thirty days from the entry of that Order to answer the written discovery that was propounded to them in this case. The Court also "invite[d] Defendant to re-file this motion requesting dismissal of Plaintiffs Coronel, Enriquez and Gallegos from this lawsuit." Doc. 71 at 4. The Order further stated that if Plaintiffs failed to comply with the Court's directives within those thirty days:

> At that point, Plaintiffs' culpability will be clear to the Court, as well as the pointlessness of sanctions less severe than dismissal. These Plaintiffs are further put on notice that the Court is not inclined to follow the suggestion by Plaintiffs' counsel that any dismissal be without prejudice, and that any dismissal contemplated by the Court would most likely be with prejudice.

Doc. 71 at 4. In the instant motion, filed more than thirty days since the Court's Order, Defendant seeks the dismissal of Plaintiffs Coronel, Enriquez and Gallegos, this time for their failure to comply with the Court's Order requiring these individuals to respond to discovery requests.

The Court has addressed two other motions filed by Defendant addressing failures to cooperate in discovery by several other named Plaintiffs. The Court allowed these other plaintiffs the opportunity to remedy their non-cooperation.  *See* Doc. 85 (addressing failures of Plaintiffs Hayes, Ortiz, Pacheco and Barrios to appear for depositions); and Doc. 80 (addressing failures of Plaintiffs Jimenez, Rodarte, Mendoza and Gurrola to appear for depositions).  In the Court's last Order addressing these other plaintiffs' general and willful failure to participate in the discovery process, the Court ordered Plaintiffs' counsel to distribute to all of the named Plaintiffs copies of the Court's previous Orders which was intended to serve as sufficient and final notice "to any Plaintiff who may contemplate shirking his or her responsibility as a named Plaintiff or class representative." Doc. 85 at 6.  In that Order, the Court made clear that any plaintiff who "either fails to participate in discovery or offers unsubstantiated and unconvincing excuses for his or her failure to appear at a deposition . . . will not be afforded a second chance to remedy the situation." *Id.*

## DISCUSSION

Under Federal Rule of Civil Procedure 37(d)(1)(A)(ii), the Court may order sanctions if "a party, after being properly served with interrogatories . . . or a request for inspection . . . fails to serve its answers, objections, or written response." Under subsection (d)(3), which cross-references Rule 37(b)(2)(A)(i)-(vi), the sanctions may include dismissing the case in whole or in part, or rendering default judgment. Under Rule 41(b), "[i]f a plaintiff fails to prosecute or comply with these rules . . . a defendant may move to dismiss the action or any claim against it." Courts in the Tenth Circuit considering dismissal under either of these rules apply the factors in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992) (affirming dismissal under Rule 41), which are the following:

3

(1) the degree of actual prejudice to the defendant;

(2) the amount of interference with the judicial process;

(3) the culpability of the litigant;

(4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and

(5) the efficacy of lesser sanctions.

965 F.2d at 921; *see also Klein v. Harper,* 777 F.3d 1144, 1147-48 (10th Cir. 2015) (affirming dismissal under Rule 37).

Plaintiffs' counsel agrees to the dismissal of Plaintiffs Gallegos and Enriquez, since counsel received written permission from both of these individuals on November 28 and 29, 2016, to dismiss them from the lawsuit. *See* Doc. 88 at 2, n.2. While Plaintiffs' counsel cannot *stipulate* to the dismissal of Plaintiff Coronel because he has not received written authorization for dismissal of this client, counsel does not oppose his dismissal without prejudice. Plaintiff Coronel apparently no longer works for Defendant and has not remained in contact with Plaintiffs' counsel as he agreed to do. Plaintiffs' counsel further states that Plaintiff Coronel has violated the agreements he made with Plaintiffs' counsel regarding his cooperation and communication throughout this lawsuit which would cause Plaintiffs' counsel to withdraw from his representation in this case.

Plaintiffs' counsel also advises the Court that he has not yet completed the process of notifying all active plaintiffs regarding the urgency of their cooperation in discovery as well as the consequence of not doing so, pursuant to the Court's recent Order. However, the fact that counsel has not completed the notice process on other named plaintiffs has no effect on the Court's consideration of dismissal of Plaintiffs Coronel, Enriquez and Gallegos because these

individuals have already been provided more than sufficient notice as to the consequences of their failure to participate fully in discovery.

The Court finds that while all three of these Plaintiffs have failed to comply with the Court's Order requiring them to respond to discovery requests, the voluntary dismissal of Plaintiffs Gallegos and Enriquez places them in a situation different from Plaintiff Coronel. However, Plaintiffs' counsel notes that counsel for Defendant did not confer with Plaintiffs' counsel prior to filing the motion. Under this Court's local rule, prior to filing a motion, the movant "must determine whether a motion is opposed, and a motion that omits a recitation of a good-faith requires for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1(a).

Because Defendant was invited by the Court to renew the motion to dismiss after thirty days of non-compliance by these Plaintiffs, Defendant's failure to comply with this Court's local rule will not bar the Court's consideration of this motion. However, had Defendant done so, counsel for Defendant would presumably been informed, prior to filing this motion, that Plaintiffs Gallegos and Enriquez had executed written authorizations to dismiss them as Plaintiffs—which would have presumably modified the relief for which Defendant now seeks in this motion. In its reply, counsel for Defendant nevertheless seeks dismissal with prejudice for Plaintiffs Enriquez and Gallegos as well as Plaintiff Coronel, but the Court finds that this is not a completely fair request. A plaintiff who expressly and voluntarily chooses to withdraw from a lawsuit is in no way holding up the judicial process, refusing to participate in discovery or ignoring any Court Orders. For this reason, Plaintiffs Gallegos and Enriquez shall be dismissed from this lawsuit *without prejudice*, and the Court's inquiry into the *Ehrenhaus* factors and Rule 37 will be limited to the issue of whether Plaintiff Coronel should be dismissed from this case.

With regard to Plaintiff Coronel, the Court finds that all of the *Ehrenhaus* factors have unquestionably been satisfied and that dismissal with prejudice is appropriate. The continued indifference and refusal of Plaintiff Coronel (hereinafter "Plaintiff") to cooperate in discovery and to make himself available to his attorney in order to participate in the litigation of this case has prejudiced Defendant in getting a defense underway in this lawsuit.  It has unquestionably interfered with the judicial process, particularly in this district which carries an unusually heavy criminal caseload as a border state, as the Court noted in one of its previous Orders.  *See* Doc. 80 at 8.  The Court has already determined Plaintiff's culpability in noting that Plaintiff's refusal to comply with the discovery process is "willful and without any merit."  Doc. 71 at 3; *see also* Doc. 85 at 6, n.2 ("In this case, Plaintiffs' non-participation in discovery weighs heavily against them on the factors of culpability and interference with the judicial process.").  In the Court's Order on Defendant's initial motion to dismiss, Plaintiff was afforded ample and clear warning of the consequences of failure to answer written discovery in thirty days; and finally, Plaintiff's failure to comply with the Court's Order indicates that a sanction less than dismissal with prejudice would have little or no effect on Plaintiff's conduct.

In the response to Defendant's first motion to dismiss, Plaintiff's counsel had raised the question of what effect the dismissal of a named plaintiff would have on his ability to participate subsequently as an opt-in or class member.  At that time, the Court planned to take up that specific issue after a hearing.  *See* Doc. 71 at 4, n.2.  With respect to Plaintiff, however, there is no need to have a hearing to determine whether it would be unfair in any way to dismiss him entirely from this lawsuit.  For months, he had the option to remove himself voluntarily from his responsibilities as a named plaintiff, but chose not to do so.  His apparent disregard for participating in this lawsuit is evidenced by his failure to communicate with counsel and by the

fact that counsel has been unable to reach him for months, contrary to the agreement he entered into with his attorney. Plaintiff initially agreed to be a named plaintiff in this action, and then simply ignored it the responsibilities that came with that decision. There is absolutely no indication that this situation will change, and the Court finds this conduct merits DISMISSAL WITH PREJUDICE.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Renewed Motion to Dismiss Plaintiffs Juan Coronel, Eric Enriquez, and Robert Gallegos **(Doc. 86)** is GRANTED IN PART and DENIED IN PART in that:

(1) Plaintiffs Enriquez and Gallegos are hereby DISMISSED WITHOUT PREJUDICE from this lawsuit for reasons described in this Memorandum Opinion and Order; and

(2) Plaintiff Coronel is hereby DISMISSED WITH PREJUDICE from this lawsuit for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE