IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARISELA AGUILAR, et al.,

      Plaintiffs,

v.                                       Case No. 2:16-cv-00050 WJ-GJF

MANAGEMENT & TRAINING
CORPORATION, d/b/a MTC,

      Defendant.

**UNOPPOSED MOTION TO DEEM SETTLEMENT AGREEMENT ENFORCEABLE WITHOUT COURT OR DEPARTMENT OF LABOR APPROVAL**

Defendant respectfully moves the Court to issue an order holding that the private settlement of the Plaintiffs' federal Fair Labor Standards Act ("FLSA") and New Mexico Minimum Wage Act ("NMMWA") claims in this case is enforceable without Court or Department of Labor Approval.

As grounds for this motion, Defendant states as follows:

Background and Procedural History

Plaintiffs are current and former detention officers at the Otero County Prison Facility located near Chaparral, New Mexico, operated by Defendant Management & Training Corporation ("MTC"). The above-captioned case began in January of 2016, when the Plaintiffs filed a First Amended Complaint asserting violations of the FLSA and NMMWA. [Doc. No. 3.] The key allegations and issues involved the compensability of certain preliminary and post-liminary tasks and the amount of compensation arguably due as a result of alleged compensable work done. The amended complaint sought certification of a collective action for the FLSA claims and certification of a Rule 23 class for the NMMWA claims. *Id.*

On February 15, 2017, the Court conditionally certified the case as a collective action under the FLSA. [Doc. No. 104.] More than one hundred plaintiffs filed consent forms, joining the lawsuit as "opt-in" plaintiffs. After extensive discovery and motion practice, and before ruling on the Plaintiffs' Rule 23 motion for class certification, this Court granted summary judgment in MTC's favor on all claims on October 24, 2017. [Doc. No. 215.] Plaintiffs appealed, and after full briefing on the merits, the United States Court of Appeals for the Tenth Circuit reversed the summary judgment. [Doc. No. 234.]

Upon remand, this Court stayed further proceedings to allow the parties to participate in a private mediation. [Doc. No. 233.] The mediation took place on June 24, 2020, and shortly thereafter the parties reached a settlement of all claims. Since then, the parties have worked out the terms and procedures for settlement and executed a general settlement agreement document ("Settlement Agreement"). Consistent with this Court's reasoning and instruction in an order entered in another FLSA lawsuit, *Hawthorn v. Fiesta Flooring, LLC*, No. 1:19-CV-00019 WJ/SCY (June 10, 2020) [Doc. No. 35] ("*Hawthorn* Order"), Defendant asks the Court to rule and enter an order holding that the Settlement Agreement in this case is enforceable without the Court's or the Department of Labor's review and approval of the merits of the settlement. If the Court issues such an Order, the parties will proceed with their agreed-upon settlement procedures, which will include the filing of a Stipulation of Dismissal with Prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.

Authority

In the *Hawthorn* Order, this Court examined the authority for and against requiring judicial approval of FLSA settlements. While noting that there was no binding Tenth Circuit authority on the question and that district courts within the Tenth Circuit were split, this Court

explained that the more persuasive reasoning led to the conclusion that "judicial approval is not necessary for settlement of bona fide FLSA disputes where parties reach private agreement and where the dispute centered on the amount of hours worked or compensation due rather than a release of the employee's substantive rights themselves." *Hawthorn* Order at 6-7. The Court cited with approval *Martin v. Spring Break '83 Productions, L.L.C.* 688 F.3d 247, 255 (5th Cir. 2012); *Serna v. Bd. of Cty. Comm'rs of Rio Arriba Cty,* No. 17-cv196-RB-KBM, 2018 WL 4773361 (D.N.M. Oct. 3, 2018)*; Fails v. Pathway Leasing LLC*; No. 18-cv-00308-CMA-NYW, 2018 WL 6046428 (D. Colo. Nov. 19, 2018), and particularly *Lawson v. Procare CRS, Inc.,* No. 18-CV-00248-TCK-JFJ, 2019 WL 112781 (N.D. Okla. Jan. 4, 2019), all of which held that, absent "exceptional circumstances" (e.g., "evidence of malfeasance or overreaching"), FLSA settlements do not require court approval. *Hawthorn* Order at 4-6.

Consistent with the Court's reasoning and conclusion in the *Hawthorn* Order, Defendant in the instant case requests that the Court issue an order that no "exceptional circumstances" apply here and that the parties' settlement of the Plaintiffs' wage and hour claims under the FLSA and NMMWA is enforceable without court or DOL approval. As noted above, this case involved a dispute over hours worked and compensation due under the FLSA and NMMWA, and the Settlement Agreement came only after a substantial amount of discovery, motion practice, and even an appeal to the Tenth Circuit. There is no legitimate question that the disputes and settlement negotiations leading to the Settlement Agreement were genuine. Accordingly, Defendant respectfully requests that the Court rule that the Settlement Agreement is enforceable as a contract without court or DOL approval. Upon the entry of an order with such a ruling, the parties will promptly proceed with their settlement procedures and will file a

stipulation of dismissal as soon as such procedures are complete and no sooner than 60 days from the date of the entry of the Court's order.

Plaintiffs' counsel has reviewed and does not oppose this motion.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By____/s/ Jeffrey L. Lowry_____
    Charles J. Vigil
    Jeffrey L. Lowry
P. O. Box 1888
Albuquerque, NM 87103
Telephone:  (505) 765-5900
FAX:  (505) 768-7395
cvigil@rodey.com
jlowry@rodey.com

*Attorneys for Defendant*


CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2020, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By____/s/ Jeffrey L. Lowry_____
    Jeffrey L. Lowry